IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Curtis Lamond Oats, Sr., <br><br> Plaintiff, <br><br> v. <br><br> McHenry County Animal Control and its Officers and Administration, <br><br> Defendant. | Case No. 3:22-cv-50113 <br><br> Honorable Iain D. Johnston |

## ORDER

Plaintiff Curtis Lamond Oats, Sr. brings this action *pro se* under 42 U.S.C. § 1983 for purported constitutional violations by the McHenry County, Illinois, Animal Control and its employees. When a plaintiff proceeds *in forma pauperis*, the Court is required to screen the complaint for frivolity, for failures to state a claim, and to determine whether the plaintiff seeks monetary relief from an immune person. 28 U.S.C. § 1915(e)(2)(B). In this case, Oats brings claims under the First and Fourth Amendment. At this stage, Oats' First Amendment claim is sufficient to pass the Courts § 1915 screening but not his Fourth Amendment claim.

He alleges that on August 18, 2021, a neighbor filed a noise complaint. Oats was dog sitting for a family member. The animal control officer allegedly knocked on Oats' door, causing the dog to begin barking again, and when Oats opened the door, the dog ran outside with Oats in pursuit. Oats told the animal control officer that he was just dog sitting, and that the dog did not live there. After the officer

1

asked Oats to sign some papers, Oats refused, went back into his house, and stop responding to the officer.

The officer then allegedly returned to his vehicle to complete a written warning. Because he didn't know Oats' name, he open Oats' mailbox to see the name the mail was addressed to. The mail, however, was addressed to a former resident, not Oats. Oats further alleges that the officer put a false phone number on the warning. The officer then put the written warning on Oats' door and left. The warning explained that Oats failed to provide proof of the dog's rabies vaccination and failed to provide a rabies registration tag. Dkt. 1, at 8. The warning further instructed Oats to bring proof of vaccination and registration to the animal control office. *Id.*

Oats went to the animal control office to complain about the actions of the officer. Oats attempted to record the encounter on video, but the officer he spoke to told him that recording was not allowed. Oats contends that the refusal to let him video record the encounter at the animal control office was a violation of his First Amendment rights. He also appears to assert a violation of his Fourth Amendment rights. Dkt. 1, at 6 (alleging a violation of "Mr. Oats federal Right in being secure in his paper, property Etc. [sic]"). Oats contends that the purported violations caused him lost wages, though he doesn't explain how that is possible. He further contends that he has suffered an increase in paranoid feelings and has had to increase his mental health medication.

Currently, Oats' First Amendment claim is sufficiently alleged. Oats alleged that he was prohibited from filming his interaction with animal control, and under some circumstances, bans on video recording can impinge upon a person's First Amendment rights. *ACLU v. Alvarez*, 679 F.3d 583, 596 (7th Cir. 2012) ("The act of *making* an audio or audiovisual recording is necessarily included within the First Amendment's guarantee of speech and press rights as a corollary of the right to disseminate the resulting record." (emphasis in original)). Oats' Fourth Amendment claim, however, is insufficiently pleaded. That claim appears to concern the animal control officer's decision to open Oats' mailbox and attempt to identify him through a piece of mail.

Currently, Oats' Fourth Amendment claim is not sufficiently plead. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. Because the Fourth Amendment protects people and not places, it extends beyond a persons' home. In *Katz v. United States*, the Supreme Court explained that the Fourth Amendment protects areas in which a person maintains a reasonable expectation of privacy. 389 U.S. 347, 351 (1967). But in *California v. Greenwood*, the Supreme Court clarified that garbage left on the curb was not protected by the Fourth Amendment. 486 U.S. 35, 40 (1988). In that case, Greenwood had left his garbage on the curb in opaque plastic bags for collection. But the Court noted that a subjective expectation of privacy is only cognizable under the Fourth Amendment if it is a reasonable expectation, one that society is

3

prepared to accept. *Id.* The Court explained that "having deposited their garbage 'in an area particularly suited for public inspection . . . for the express purpose of having strangers take it,' respondents could have had no reasonable expectation of privacy in the inculpatory items they discarded." *Id.* at 40–41.

In this case, Oats has not stated a plausible Fourth Amendment claim because he merely alleges that the animal control officer viewed a piece of mail in his mailbox to ascertain his name. Oats does not allege that the officer opened any mail. Indeed, he alleges that the mail wasn't his and was addressed to someone else. But the purpose of a mailbox is to convey information to third parties. Like the trash left at the curb in *Greenwood*, Oats has no reasonable expectation of privacy in his mailbox because it is an area particularly suited for public inspection. Indeed, the purpose of using the mailbox is to allow government postal officials a location to place and collect mail. Thus, merely accessing a mailbox does not constitute an unreasonable search.

Furthermore, Oats does not have a reasonable expectation of privacy in the information displayed on mail envelopes. The information displayed on the outside of a person's mail is purposely conveyed to a third party. Indeed, if it wasn't, then the postal service would have no way of routing the mail through the postal system. *United States v. Soybel*, 13 F.4th 584, 593–94 (7th Cir. 2021) (explaining, in the context of the Fourth Amendment, that addressing information must be disclosed to make communication possible). Thus, by using the mail system, Oats voluntarily conveyed address information to the third-party mail carriers, so he has no

4

reasonable expectation of privacy in the information displayed on mail for the purpose of routing that mail through the postal system. Because Oats only alleges that the animal control officer looked in his mailbox to ascertain his name from the *outside* of a piece of mail, he has failed to state a claim under the Fourth Amendment.

Therefore, the Court dismisses Oats' Fourth Amendment claim without prejudice. If Oats believes he can allege additional facts that may change the analysis, he may amend his complaint by May 27, 2022. If Oats declines the opportunity to amend, the Court's dismissal of his Fourth Amendment claim will become with prejudice without further action by the Court. Nevertheless, his First Amendment claim may proceed.

Date: May 3, 2022

_____
Honorable Iain D. Johnston
United States District Judge