**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

Curtis Oats                         )
                                    )
    Plaintiff(s),            )    Case No. 22-cv-50113
                                    )
    vs.                      )    Mag. Judge Margaret J. Schneider
                                    )
McHenry County, et al.,             )
                                    )
    Defendant(s).            )

## PARTIES' PROPOSED CASE MANAGEMENT ORDER

I. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **January 31, 2023**, and was attended by: **Kenneth N. Flaxman** for Plaintiff(s) and **Troy Owens** for Defendant(s).

II. **Fed. R. Civ. P. 26(a)(1) Disclosures** will be exchanged by **February 28, 2023**. The Court requires full and proper Rule 26(a)(1) disclosures by all parties.

III. **Alternative Dispute Resolution Mediation.** Counsel hereby certify that their clients have read the Pamphlet governing the court's mediation program, that counsel have discussed with their respective clients the available dispute resolution options provided by the Court and private entities, and that counsel have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients. Further, counsel have provided to their clients an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation. Counsel certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options. Lastly, if this is a fee shifting case, defense counsel certify they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment. The failure to comply with these requirements will result in sanctions. *See* Fed. R. Civ. P. 16(c),(f).

☐ Parties have agreed on mediation. _____ has been chosen as the mediator. The parties believe the best time to mediate would be _____ and request the matter be referred to mediation at that time.

☐ Parties request an immediate settlement conference with the Magistrate Judge.

☐ Parties plan to utilize private ADR.

☑ Parties request this case be excused from ADR.

IV. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

　　A) Discovery will be needed on the following subjects:

The alleged unlawful search of plaintiff's mailbox.
Whether the ordinance prosecution was undertaken in retaliation for plaintiff's complaints about the alleged search.
Whether the ordinance prosecution was a malicious prosecution under Illinois.

　　B) Maximum of 25 interrogatories by each party to any other party.

　　C) Maximum of 25 requests for admission by each party to any other party.

　　D) Maximum of 5 depositions by Plaintiff(s) and 5 by Defendant(s).

　　E) Each deposition [other than of _____ ] shall be limited to a maximum of four hours unless extended by agreement of the parties.

　　F) The deadline for the parties to: (1) file amended pleadings, add counts or parties, and file third-party complaints; or (2) file a motion for leave, when required by Fed. R. Civ. P. 13, 14 or 15, to amend pleadings, add counts or parties, and file third-party complaints is June 30, 2023 (should be no *later* than 30 days before the close of fact discovery).

　　G) Fed. R. Civ. P. 26(a)(2)(C) disclosures are due by July 31, 2023 (should be no *later* than 30 days before the close of fact discovery). Absent unusual circumstances, the Court considers treating physicians to be Rule 26(a)(2)(C) witnesses if opinion testimony will be elicited from the physicians.

　　H) Supplementations under Fed. R. Civ. P. 26(e) will be made in a timely manner, but no later than July 31, 2023 (should be no *later* than 30 days before the close of fact discovery).

　　I) Fact discovery cut-off is set for August 30, 2023.

　　J) Deadlines for retained expert discovery are reserved. The Court will address retained expert disclosures under Fed. R. Civ. P. 26(a)(2)(B) near the close of fact discovery, unless the parties express otherwise:

　　K) All dispositive motions are due by September 30, 2023 (should be no later than 30 days after the close of fact discovery, unless otherwise ordered by the Court or addressed by the district judge's standing orders).

　　L) The parties suggest the next discovery conference with the Court be April 3, 2023

M) <u>**Counsel may not stipulate to extend discovery matters,**</u> **including depositions, beyond dates already set in this case management order.**

N) <u>**These dates will not be amended absent a showing of good cause.**</u> **The parties understand that motions for extensions of time should be brought as soon as possible, but at a minimum before the cut-off date, and a party's failure to do so runs the serious risk that the motion will be denied.**

## V. <u>Electronically Stored Information.</u>

Electronically stored information that can reasonably be anticipated to be relevant to the litigation will be preserved. The primary source of electronically stored information for production should be active data and information used in the ordinary course of business.

For the Court to order a search, the requesting party will need to demonstrate that the need and relevancy of the material outweigh the cost and burden of retrieving and processing the electronically stored information from such sources, including the disruption of business and the information management activities.

When balancing the cost, burden, and need for electronically stored information, the Court and the parties will apply the proportionality standards embodied in Federal Rules of Civil Procedure 26(b)(1) and (b)(2)(C), as well as consider the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information.

Counsel should review the helpful information found at www.discoverypilot.com including the proposed Discovery Plan for Electronically Stored Information for guidance.

## VI. <u>Claims of Privilege or of Protection</u>

The parties shall detail below any agreements reached for asserting claims of privilege or of protection as trial-preparation material after information is produced, including whether they seek entry of their agreement as an order under Federal Rule of Evidence 502. *See* Fed. R. Civ. P. 16(b)(3)(B)(iv) and 26(f).

Absent any specific agreement reached by the parties, the following provisions will apply:

1) The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

 2) Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

PLAINTIFF(S) Curtis Oats

By: Kenneth N. Flaxman

PLAINTIFF(S) _____

By: _____

Rev. 2/26/2021

DEFENDANT(S) McHenry County, Illinois
McHenry County Animal Control Officer Doe

By: Troy Owens, ASA

DEFENDANT(S) _____

By: _____

DEFENDANT(S) _____

By: _____

DEFENDANT(S) _____

By: _____

4