IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Curtis Lamond Oats, Sr., | ) | |
| | ) | No.   22-cv-50113 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Johnston |
| | ) | |
| McHenry County, Illinois | ) | |
| McHenry County Animal | ) | Magistrate Judge Schneider |
| Control Officer Jason Enos, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS</u>**

NOW COMES the Defendants McHenry County, Illinois and McHenry County Animal Control Officer Jason Enos ("Enos") by and through Patrick Kenneally, McHenry County State's Attorney, and his duly authorized Assistant State's Attorney, Andrew Hamilton, and for Defendants' Memorandum in support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) states as follows:

   **I.      INTRODUCTION AND BACKGROUND**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging a Fourth Amendment violation and a malicious prosecution.

 Plaintiffs Third Amended Complaint alleges that on August 18, 2021, Enos entered Plaintiff's property and attempted to speak with Plaintiff regarding an animal and its vaccination status. Plaintiff's address and the location of the property were not disclosed in Plaintiff's Third Amended Complaint.  Plaintiff alleges that Enos, as he was leaving, accessed Plaintiff's mailbox, looked through the mail and saw a piece of mail addressed to a person named Monica Crosby. Plaintiff next alleges that Enos proceeded to prepare a "Written Notice of Ordinance Violation" for failure to provide an animal with vaccination for rabies and for failure to provide an animal

1

with a McHenry County Rabies Registration Tag, and that this notice was directed to Monica Crosby. Plaintiff alleges that this ordinance violation was taped to his door. Plaintiff next alleges that on March 23, 2022, an unnamed employee of McHenry County initiated a prosecution in the Circuit Court of the Twenty-Second Judicial Circuit against Plaintiff by filing a complaint and causing plaintiff to be served with a summons for an alleged violation of an ordinance of McHenry County. Plaintiff alleges that this unnamed employee of Defendant McHenry County initiated an ordinance violation prosecution because "Plaintiff had complained about the unlawful search of his mailbox". Copies of this action and its disposition were not provided with Plaintiff's Third Amended Complaint. Plaintiff alleges that these alleged actions of Enos constitutes a violation of the Illinois State Law Tort of Malicious prosecution, for which McHenry County is allegedly liable under the doctrine of *respondent superior*.

## II. ARGUMENT

Plaintiff's claim must be dismissed as Plaintiff, based on the facts pled, any alleged actions undertaken by Defendant are immune based on the doctrine of qualified immunity. Further, Plaintiff's claims must be dismissed because Plaintiff's Third Amended Complaint fail to state a claim upon which relief may be granted.

### a. Defendant is entitled to Qualified Immunity

Plaintiff's suit should be dismissed as a matter of law because any alleged constitutional violations committed by Defendant are subject to the qualified immunity doctrine.

The doctrine of qualified immunity protects public officials performing discretionary functions against suits for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Tangwall v. Stuckey*, 135 F.3d 510, 514 (7th Cir. 1998); see also *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89

L. Ed. 2d 271 (1986) (qualified immunity protects "all but the plainly incompetent and those who knowingly violate the law"); *Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." (**emphasis added**) *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). A state official is protected by qualified immunity unless the plaintiff shows: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011) (quoting *Harlow*, 457 U.S. at 818). In order to avoid "[u]nnecessary litigation of constitutional issues" and expending scarce judicial resources that ultimately do not impact the outcome of the case, we may analyze the "clearly established" prong without first considering whether the alleged constitutional right was violated. *Pearson*, 555 U.S. at 236-37.

Qualified immunity is an affirmative defense, but the plaintiff carries the burden to defeat an assertion of qualified immunity at the motion to dismiss stage, a plaintiff must allege facts that, if true, would constitute a violation of a statutory or constitutional right, and show that the right was "clearly established" at the time of the alleged violation, such that a reasonable public official would have known his conduct was unlawful. *Hanson v. LeVan*, 967 F.3d 584, 592 (7th Cir. 2020). Dismissal under Rule 12(b)(6) based on qualified immunity is appropriate when the plaintiff's well-pleaded allegations, taken as true, do not state a claim of violation of clearly established law. *Id.* at 590 (citing *Behrens v. Pelletier*, 516 U.S. 299, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996)).

Because qualified immunity is "an immunity from suit rather than a mere defense to liability, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*,

3

472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). The Supreme Court has stated "the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials will be resolved prior to discovery". (**emphasis added**) *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). Further, the Supreme Court has emphasized "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation". *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) (per curiam). There

The facts presented by Plaintiff demonstrate that Enos was acting within the scope of his duties at the time of the alleged incident and their actions were subject to the qualified immunity doctrine. Plaintiff has not pled facts sufficient to show that this alleged right that he is claiming was violated was clearly established at time of the alleged incident (**emphasis added**). Plaintiff's set of facts, as presented to this Defendant and this Court, show a pleading that merely alleges that Defendant accessed plaintiff's private mailbox, with a casual recitation of elements of a Fourth Amendment violation that "Enos accessed plaintiff's private mailbox that is not located on the curb, or otherwise easily accessible by the public". Further there is no indication or facts pled that demonstrate that the Defendant's actions do not fall under the doctrine of qualified immunity, because qualified immunity protects officials "performing discretionary duties". Therefore, as a matter of law, Defendant's alleged actions are covered under the qualified immunity doctrine and Plaintiff's complaint should be dismissed.

**b. Plaintiff has failed to state a claim in which relief can be granted.**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," *Fed. R. Civ. P. 8(a)(2)*, such

that the defendant is given "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Twombly, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, Plaintiff's allegations do not state to a claim that is actionable under 42 U.S.C. § 1983.

The third amended complaint seeks redress for malicious prosecution, which requires a plaintiff to adequately plea: (i) that the challenged proceeding was instituted without any probable cause; (ii) the motive in instituting the suit was malicious; and (iii) the prosecution terminated in the acquittal or discharge of the accused. *Thompson v. Clark*, 142 S. Ct. 1332, 1338 (2022). The malice pleading element has been defined as "as without probable cause *and* for a purpose other than bringing the defendant to justice." *Id.* (Emphasis added).

A cursory reading of Plaintiff's complaint reveals that no relief can be granted under the facts pled. Plaintiff claims he was the target of malicious prosecution and then proceeded to attend Court in regard to an alleged violation directed towards a Monica Crosby. As a result of attending Court, an act which countless people do every day in our community and across the United States, Plaintiff claims he suffered severe emotional distress and was outraged and upset. This Court should not expend judicial resources on this claim because nothing in Plaintiff's complaint

5

amounts to an actionable claim nor can any kind of relief be granted as Plaintiff has not shown nor plead a tangible harm has come to him.

Additionally, nothing in the Plaintiff's Third Amended Complaint demonstrates how the actions of Defendant are not covered by the doctrine of qualified immunity. Plaintiff cites the elements of a Fourth Amendment violation, by claiming that the mailbox that was allegedly searched by Defendant Enos was "not located on the curb, or accessible by the public". Conclusory elements of a claim that are plead without factual detail are not sufficient to survive a 12(b)(6) motion.

Finally, Plaintiff has failed to allege the elements of malicious prosecution. The complaint does not challenge an arrest or the filing of any form of a complaint. It complains of the initiation of a prosecution. It is axiomatic that prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process, including the initiation of a prosecution. *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016); see also *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). To the extent that Plaintiff seeks to recover from the initiation of a prosecution, the law is clear. Absolute immunity bars the claim.

As such, the Court should dismiss the Third Amended Complaint

### III. CONCLUSION

**WHEREFORE** the Defendant respectfully requests that this Honorable Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and on qualified immunity grounds, dismiss the Plaintiff's Third Amended Complaint with prejudice.

By: /s/ Andrew Hamilton

Assistant State's Attorney

Patrick D. Kenneally
McHenry County State's Attorney
Andrew Hamilton (ARDC No. 6325652)
Assistant State's Attorney
McHenry County Government Center
2200 North Seminary Avenue
Woodstock, IL 60098
815-334-4159 (phone)
815-334-0872 (fax)
aghamilton@mchenrycountyil.gov

## CERTIFICATE OF SERVICE

The undersigned attorney, Andrew Hamilton, hereby certifies that a copy of **Defendants' Memorandum in Support of its Motion to Dismiss** was served on:

Kenneth N. Flaxman
Joel A. Flaxman
200 S. Michigan Ave, Ste. 201
Chicago, IL 60604
knf@kenlaw.com
jaf@kenlaw.com
ecf@flaxman.law

by electronic filing via the ECF system on April 24, 2023.


By: /s/Andrew Hamilton
Assistant State's Attorney