UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Curtis Lamont Oats, Sr., <br><br> Plaintiff, <br><br> v. <br><br> McHenry County et al., <br><br> Defendants. | Case No. 3:22-cv-50113 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Curtis Lamond Oats, Sr., brings this action against McHenry County, Illinois, and its employee Jason Enos. Against Enos, he brings a claim under 42 U.S.C. § 1983 for violating his rights under the Fourth Amendment; against the county, he brings a claim under section 1983 for violating his rights under the First Amendment as well as a claim for maliciously prosecuting him under Illinois law. Before the Court is Defendants' motion to dismiss. For the following reasons, the motion is denied.

**I. Background**

On August 18, 2021, McHenry County animal control officer Jason Enos visited Curtis Oats's house and sought permission to search it, which Oats refused to give.[1] Pl.'s Third Amended Compl. (TAC) ¶¶ 5,6. Before leaving, Enos allegedly

---
[1] Oats refers to the house in question as his "dwelling." TAC ¶¶ 6, 7. Reading the complaint in the light most favorable to him, this plausibly suggests that he has an ownership interest

reached into Oats's private mailbox and looked through his mail; Oats says this must be so because Enos addressed and posted an ordinance violation citing "Monica Cosby," who does not live there but whose name did appear on a piece of mail. *Id.* ¶¶ 7-12. At some point, Oats complained about Enos's conduct to other employees of McHenry County; in response, beginning on March 23, 2022, he says he was prosecuted in retaliation without probable cause for the ordinance violation. *Id.* ¶¶ 15-17. The prosecution ended "in [his] favor" on June 16, 2022. *Id.* ¶ 18.

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b) challenges the sufficiency of the plaintiff's complaint. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). Under Rule 8, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be plausible, the plaintiff's factual allegations—as opposed to any legal conclusions—must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all of the plaintiff's well-pleaded factual allegations and views them—and all reasonable inferences—in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

---

in the house and thus unquestionable Fourth Amendment standing in it. *See Rakas v. Illinois*, 439 U.S. 128, 142 (1978).

III. Analysis

   A.  Fourth Amendment unreasonable search

First, Oats claims that his right under the Fourth Amendment to be free from an unreasonable search was violated when Enos opened his "private mailbox that is not located on the curb and is not easily accessible to the public" and "looked through [his] mail." Pl.'s Resp. at 2, at Dkt. 45. To escape suit, Enos raises the defense of qualified immunity. Defs.' Memo. at 2, at Dkt. 43. As is Oats' counsel's standard operating procedure, he argues that dismissal under Rule 12(b)(6) based on qualified immunity is improper. But he knows this is a gross simplification and overstatement. Indeed, he previously made this argument before the Seventh Circuit and lost. *See Doe v. Village of Arlington Heights*, 782 F.3d 911, 916 (7th Cir. 2015). And although a motion under Rule 12(b)(6) is not "always (if ever) the most suitable procedural setting to determine whether an official is qualifiedly immune, because immunity may depend on particular facts that a plaintiff need not plead to state a claim," it may be appropriate if the complaint manifestly fails to allege a violation of clearly established law. *Hanson v. LeVan*, 967 F.3d 584, 589-90 (7th Cir. 2020).

Reading the complaint in the light most favorable to Oats and drawing all reasonable inferences in his favor, however, he has alleged such a violation. Oats's allegation that Enos searched a "private mailbox" plausibly alleges that he reached across the threshold of his home to obtain the mail, through a mail slot or something similar. If this is so, regardless of Oats's privacy interest in the mailbox

or the mail, he has plausibly alleged a warrantless search of his home itself in the absence of any exigent circumstances—a clearly established Fourth Amendment violation par excellence. *E.g.*, *Kentucky v. King*, 563 U.S. 452, 459 (2011); *United States v. Huddleston*, 593 F.3d 596, 600 (7th Cir. 2010). Thus, he has plausibly alleged a claim which, on the record before the Court, is not defeated by qualified immunity.

### B. First Amendment retaliatory prosecution

Oats also brings a *Monell* claim against McHenry County, alleging that he was prosecuted in retaliation for his complaints about the search of his mailbox in violation of the First Amendment. No doubt, the First Amendment retaliation claim is problematic. To sustain a *Monell* claim, a plaintiff must show that a municipality is liable under section 1983 "for its own violations of the federal Constitution and laws" traceable to (1) an express policy, (2) a widespread practice so permanent and well-settled that it constitutes a custom or practice, or (3) a person with final policymaking authority. *First Midwest Bank v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). Whether a municipal employee has policymaking authority for purposes of *Monell* is determined with reference to state law. *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 675 (7th Cir. 2009).

Oats cites no policies or customs maintained by McHenry County; instead, he asserts that a *Monell* claim lies because his prosecution was initiated by a "final decisionmaker" for the county. TAC ¶ 15. And without any factual matter identifying the employee who initiated the prosecution (beyond this conclusory

allegation), the Court cannot assess whether this claim plausibly alleges *Monell* liability on the part of the county.

But Defendants did not seek dismissal of the First Amendment claim in their motion to dismiss or the memorandum in support. Oats noted this omission in his response brief. Unsurprisingly, only then did Defendants attack this claim for the first time in the reply brief. But movants cannot raise new issues for the first time in their reply briefs; doing so is dirty pool. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009). So, the attempt to dismiss this claim for the first time in the reply brief is denied.

### C. Malicious prosecution under Illinois law

Finally, Oats brings a state-law claim for malicious prosecution against McHenry County. Like the First Amendment claim, problems exist with this supplemental state law claim. For example, a municipality cannot be liable for malicious prosecution in its own right, but only where an employee is found to be liable for an injury caused by his acts or omissions. 745 ILCS 10/2–109. But Oats' counsel's habit of scant pleadings makes it difficult to discern if Oats has sued an employee. But again, Defendants did not raise a challenge to a supplemental state law claim of malicious prosecution until their reply brief. And, so, for the same reasons, the motion to dismiss is denied.

### IV. Conclusion

For the reasons stated, the motion is denied. The Court notes that the issues raised in the reply brief are meritorious. But those issues can easily be resolved with a properly pleaded complaint. More filings at this point isn't the answer. Defendants are on notice of the claims. But going forward, Oats' counsel could avoid this entire process by better pleadings.

Date: December 19, 2023

_____
Honorable Iain D. Johnston
United States District Judge