IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CURTIS LAMONT OATS, SR., | |
| *Plaintiff,* | |
| v. | NO. 3:22-CV-50113 |
| MCHENRY COUNTY *et al.*, | HONORABLE IAIN D. JOHNSTON |
| *Defendants.* | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Curtis Lamond Oats, Sr., brings this action against McHenry County, Illinois, and its employee Jason Enos. He asserts an entitlement to relief against Enos for the violation of his rights under the Fourth Amendment, and against the county for the violation of his rights under the First Amendment as well as its malicious prosecution of him under state law. Before the Court is the defendants' motion for summary judgment. For the following reasons, the motion is granted and this action is terminated.

**BACKGROUND**

In August of 2021, Jason Enos, a McHenry County animal control officer, was sent to Curtis Oats' house to investigate a complaint about a barking dog. Dkt. 70 ¶¶ 1, 2, 9. The dog, chained in Oats' front yard, greeted Enos with yet more barking upon his arrival. *See id.* at ¶¶ 10-11. Oats himself was more taciturn. Though he told Enos the dog's name and the name of its veterinarian, he refused to give his own name. *Id.* ¶ 15. Enos thereafter repaired to his car. As he left, however, in an

1

apparent attempt to learn Oats' name, he went to his mailbox. Dkt. 74 ¶¶ 3. Oats' account is that he saw him open it and look through a few pieces of mail before putting the mail back inside. *Id.* Later that same day, Oats complained about Enos' conduct at the McHenry County Animal Control office. Dkt. 70 ¶ 28. Several months later, he was issued ordinance violations for failing to appropriately vaccinate or register the dog; he says that their issuance was on account of his complaints. *Id.* ¶ 31; Dkt. 74 ¶¶ 4-7. The charges were ultimately dropped. Dkt. 74 ¶ 8.

## ANALYSIS

*Section 1983 – Fourth Amendment*

Even accepting Oats' account of Enos' actions—that he "stopped by the mailbox, opened it up, searched through a few pieces of mail, [and] put the mail back in the mailbox," Dkt. 74 ¶ 3—Enos is entitled to immunity from suit.[1]

Under the doctrine of qualified immunity, when an official's conduct does not violate clearly established rights of which a reasonable person would have been aware, that official is immune from suit. *Pearson v. Callahan*, 555 U.S. 223, 231

---

[1] Oats attempts to avoid this result on procedural grounds, asserting that Enos' failure to mention qualified immunity in his motion for summary judgment—though it is clearly raised in his memorandum of law, filed at the same time—means that he has forfeited the argument. Dkt. 71 at 1-3 (citing Fed. R. Civ. P. 7(b)(1)(B), which requires that motions "state with particularity the grounds for seeking the order," and equating it with an attempt to amend one's complaint in one's response brief). The case that purportedly supports this proposition, however, held only that "otherwise timely skeletal motions that fail to satisfy the requirements of Fed.R.Civ.P. 7(b)(1) do not postpone the 30–day period for filing a notice of appeal, even if the party supplements the motion with additional detail" after the motion is no longer timely. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010) (glossing *Martinez v. Trainor*, 556 F.2d 818, 819-21 (7th Cir. 1977)). In light of the purpose of Rule 7—"to provide notice to the court and the opposing party," *id.* at 708—and in the absence of any authority to the contrary, it would seem to be an unreasonable elevation of form over substance to interpret Rule 7 as Oats urges and refuse to consider the motion and the brief, simultaneously filed, as a unit. Because the brief adequately develops an argument in favor of qualified immunity, it may rightfully be considered.

2

(2009). A court may conclude that qualified immunity applies without reaching the underlying question of whether a right was violated if that right was not clearly established at the time of its alleged violation. *Id.* at 242. "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that *what he is doing* violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (cleaned up) (emphasis added). That is, it must have been clear to a "reasonable officer" that his conduct was unlawful "in the situation he confronted." *Ziglar v. Abbasi*, 582 U.S. 120, 152 (2017).

Because Enos has invoked qualified immunity, Oats bears the burden of showing that Enos is *not* immune from suit. *Archer v. Chisholm*, 870 F.3d 603, 613 (7th Cir. 2017). So, unless he can point to a case that is "on point," or "closely analogous" to the situation Enos confronted, *Sebesta v. Davis*, 878 F.3d 226, 234 (7th Cir. 2017), Enos is immune.

The only right Oats argues was implicated by Enos' conduct was his Fourth Amendment right to be free from unreasonable search. Dkt. 71 at 1. None of his five citations shows that, in the concrete circumstances of the alleged violation, such a right was clearly established.

- *Florida v. Jardines* applied the general principle that warrantless searches conducted in the curtilage of the home violate the Fourth Amendment to find that the use of a drug-sniffing dog on the porch of the house constituted an unreasonable search. 569 U.S. 1, 12 (2013).
- *Collins v. Virginia* applied the same principle to find that the automobile exception did not authorize a search of a motorcycle parked on the curtilage of a home. 584 U.S. 586, 601 (2018).

3

- *U.S. Postal Serv. v. Council of Greenburgh Civic Associations* did not involve the Fourth Amendment at all. *See* 453 U.S. 114, 114-155.
- 18 U.S.C. § 1725 forbids depositing mail "on which no postage has been paid in any letter box established, approved, or accepted by the Postal Service" and is thus irrelevant.
- 18 U.S.C. § 1708 imposes criminal liability on anyone who "steals, takes, or abstracts . . . from or out of any . . . letter box . . . any letter, postal card, package, or mail." Even if this can be read to vest some statutory right in Oats, and Enos can be understood to have violated it, Oats' theory of his case—a Fourth Amendment violation—requires that he produce some further evidence clearly establishing that under these circumstances, Enos would have known his conduct amounted to an unreasonable search. He has not done so.

Because Oats has not demonstrated the existence of a clearly established right that Enos violated, he is entitled to qualified immunity.

*Section 1983 – First Amendment*

Oats' only theory of *Monell* liability is that his prosecution was initiated by a final policymaking authority for McHenry County. Dkt. 71 at 11-12. Under Illinois law, which governs the determination of whether one is such an authority, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482-83 (1986), the corporate powers of the counties are vested in the county board. 55 ILCS 5/5-1004. Oats fails to develop any argument that the county board has conferred its authority on the employee who initiated the prosecution or ratified the action, *see Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 469-470 (7th Cir. 2001), so *Monell* liability cannot attach.

*Illinois law – Malicious prosecution*

McHenry County attacks Oats' malicious prosecution theory on the basis that he has not produced any evidence of damages suffered on account of the prosecution, Dkt. 68 at 3-4, an element of the prima facie tort under Illinois law. *See Swick v.*

4

*Liautaud*, 169 Ill. 2d 504, 512 (1996). To this Oats makes no reply, *see* Dkt. 71 at 12-13, not even arguing that he is seeking nominal damages or some other form of damages, to the extent they are available, thus forfeiting the point and making liability impossible.[2]

\* \* \*

The defendants are entitled to summary judgment on Oats' claims, and it is hereby granted.

Date: August 15, 2024

_____
HON. IAIN D. JOHNSTON
*United States District Judge*

---

[2] His Local Rule 56.1 Statement does assert that he is seeking certain "costs," Dkt. 74 ¶ 10, but legal costs are not damages.